4. The certificate and seal of the notary are sufficient proof of his authority to act as such.

[5. Cited in Dinsmore v. Philadelphia & R. R. Co., Case No. 3,921, to the point that corporations may sue and be sued as citizens.]

This was an action of trover [by William B. Dinsmore, president of the Adams Express Company, against Nathan J. Maroney]. At the trial, before INGERSOLL, District Judge, and a jury, the plaintiff offered in evidence the deposition of one Moses, taken de bene esse, under section 30 of the judiciary act of September 24, 1789 (1 Stat. 88). The defendant objected to the admissibility of the deposition, on the ground that the requirements of the act, in regard to giving previous notice of the taking of the deposition, had not been complied with. But, it appearing that a notice had in fact been served, and that counsel for the defendant had attended and cross-examined the witness, the court overruled the objection, and admitted the deposition in evidence. The plaintiff also offered in evidence the deposition of one Agnew, taken de bene esse, under said act, but before a notary public, and claimed that, by virtue of the provisions of the act of July 29, 1854 (10 Stat. 315), a notary public was authorized to take a deposition de bene esse under the act of 1789. The defendant objected to the admissibility of the deposition, because it could not be lawfully taken before a notary public, and because there was no evidence of the official character of that officer, except his own certificate and seal, and because, it not appearing, by the notary's certificate, that any notice was given of the taking of the deposition, the certificate of the notary did not state the reason why no notice was given. The court held, that the act of July 29, 1854, authorized the taking of the deposition, before a notary public; that as the certificate of the notary stated the existence of facts which, under the act of 1789, made it unnecessary to give any notice, it was not necessary that the certificate of the notary should state that those facts were the reason why no notice was given; and that the certificate and seal of the notary were sufficient proof of his authority to act as such. The deposition was, therefore, admitted in evidence.

Charles O'Conor, Francis B. Cutting, Samuel Blatchford, and Clarence A. Seward, for plaintiffs.

John W. Ashmead and Philip J. Joachimssen, for defendant.

---

## Case No. 3,920a.

DINSMORE v. NASHVILLE, ETC., R. CO.

[See 2 Fed. 465.]

---

DINSMORE (PETTINGILL v.). See Case No. 11,045.

---

## Case No. 3,921.

DINSMORE v. PHILADELPHIA & R. R. CO.

[32 Leg. Int. 388; 11 Phila. 483; 1 Law & Eq. Rep. 351; 3 Cent. Law J. 157; 2 Wkly. Notes Cas. 275; 1 La. Law J. 108; 7 Am. Law Rev. 765; 23 Pittsb. Leg. J. 112.] [1]

Circuit Court, E. D. Pennsylvania. Oct. 25, 1875.

FEDERAL JURISDICTION — CITIZENSHIP OF CORPORATIONS—DEFECTIVE AVERMENT.

The averment that the complainant is "a joint stock association * * * formed in the state of New York * * * under the laws of the state of New York," neither imports that it is a corporation created by another state, nor that its members are citizens of another state; the bill is therefore dismissed by the United States' circuit court for want of jurisdiction.

[Criticised in Maltz v. American Exp. Co., Case No. 9,002. Cited in Imperial Refining Co. v. Wyman, 38 Fed. 579; Sanford v. Gregg, 58 Fed. 623.]

[This was a suit in equity by William B. Dinsmore, president of the Adams Express Company, and the Express Company against the Philadelphia and Reading Railroad Company. On demurrer to the bill.]

George L. Crawford and B. H. Brewster, for complainants.

James E. Gowen, for respondent.

McKENNAN, Circuit Judge. This suit is brought in the name of William B. Dinsmore, president of the Adams Express Company, and the Adams Express Company, which the bill, as amended, avers "are a joint stock association, composed of more than seven shareholders, formed July 1, 1854, in the state of New York, by certain written articles, a copy whereof is hereto annexed, marked 'A,' and then duly executed by the parties thereto, under the laws of the state of New York, and having the legal entity, powers and immunities in said laws provided." The defendant challenges the jurisdiction of the court, and has demurred to the bill on the ground that "it neither avers that the joint stock company or association, styled therein 'The Adams Express Company,' was, at the date of the filing of said bill, a corporation, nor that the members thereof were citizens of the state of New York, or of some other state than Pennsylvania."

Whether a corporation, expressly created by the laws of a state, could be treated as a citizen of the state, by which it was chartered, within the meaning of the constitution and the 11th section of the judiciary act [1 Stat. 78], so that it might sue or be sued in a federal court, has been the subject of frequent and earnest contention in the supreme court. In the earlier cases, jurisdiction of a suit brought by a corporation, was denied, unless it was averred in the pleadings, not

[1] [Reported from 32 Leg. Int. 388, by permission. 1 Law & Eq. Rep. 351, 7 Am. Law Rev. 765 and 23 Pittsb. Leg. J. 112, contain only partial reports.]